Legal Mail
Provided to Florida State Prison on
§ 1/8/25 for mailing by _____

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: SOUTHERN DISTRICT |
|---|---|

| Name (under which you were convicted):  BELIZIARE, MARHLAN | Docket or Case No.:  F07-17556 |
|---|---|

| Place of Confinement :  FLORIDA STATE PRISON | Prisoner No.:  M68880 |
|---|---|

| Petitioner (include the name under which you were convicted)  BELIZAIRE, MARHLAN | v. | Respondent (authorized person having custody of petitioner)  SECRETARY OF F.D.C  RICKY DIXON |
|---|---|---|

The Attorney General of the State of:

FILED BY _____ .D.C.

AUG 22 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   11TH JUDICIAL CIRCUIT COURT IN & FOR MIAMI-DADE COUNTY FLORIDA

   (b) Criminal docket or case number (if you know):  F07-17556

2. (a) Date of the judgment of conviction (if you know):  6.29.2009

   (b) Date of sentencing:  11.15.2013

3. Length of sentence:  THIRTY (30) YEARS

4. In this case, were you convicted _____ than one count or of more than one crime?  ☑ Yes

5. Identify all crimes of which you were convicted and sentenced in this case:  SECOND DEGREE MURDER / DEADLY WEAPON

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty  ☑ (3) Nolo contendere (no contest)

   ☐ (2) Guilty  ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

_____

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☐ Jury     ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ☐ Yes     ☐ No

8.    Did you appeal from the judgment of conviction?

        ☑ Yes     ☐ No

9.    If you did appeal, answer the following:

    (a) Name of court:   3RD DCA

    (b) Docket or case number (if you know): _____

    (c) Result:   P. C. A

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised:

_____

_____

_____

_____

_____

_____

    (g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

        If yes, answer the following:

        (1) Name of court:   U.S DISTRICT COURT FOR SOUTHERN DISTRICT OF FLA

        (2) Docket or case number (if you know): _____

        (3) Result:   DENIED

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court: 11ᵀᴴ JUDICIAL CIRCUIT COURT FOR MIAMI-DADE COUNTY, FLA

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: POST-CONVICTION MOTION 3.850(M)

(5) Grounds raised: INFORMATION FAILED TO SPECIFY SECTION NOR
SUBSECTION TO PROPERLY CHARGE & GIVE ADEQUATE
NOTICE WHICH VIOLATED DUE PROCESS U.S.C. A &
FLA CONST

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: DENIED

AO 241 (Rev. 09/17)

      (8) Date of result (if you know): _____

  (b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court:    3RD DCA

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding:    WRIT OF HABEAS CORPUS

      (5) Grounds raised: _____

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes    ☑ No

      (7) Result:    DENIED

      (8) Date of result (if you know): _____

  (c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court:    11TH JUDICIAL CIRCUIT COURT FOR MIAMI-DADE COUNTY, FLA

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding:    3.850 POST CONVICTION MOTION

      (5) Grounds raised:    NEWLY DISCOVERED EVIDENCE

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   _DENIED_

(8) Date of result (if you know):   _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☐ No

(2) Second petition:   ☐ Yes   ☑ No

(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_DID NOT RECEIVE AN OPENION TO MOVE FORWARD_

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   _NEWLY DISCOVERED EVIDENCE WHERE WITNESS MADE STATEMENT THAT CRIME WAS COMMITTED BY ANOTHER MAN THAN PETITIONER_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_VICTOR PINO CAME FORWARD & MADE A STATEMENT TO PETITIONER'S ATTORNEY THAT HE KNEW THAT CRIME WAS COMMITTED BY SOMEBODY ELSE(WILLIE WRIGHT) HAD PETITIONER KNEW OF THIS WITNESS HE WOULD OF NEVER PLEA NOLO CONTENDERE BUT WOULD HAVE WENT TO TRIAL. TRIAL COURT FAILED TO HOLD HEARING TO AFFIDAVIT TO VERIFY THE TRUTH OF STATEMENT, BUT INSTEAD BAR PETITIONER FROM FILING ANY MORE PETITIONS EVEN THRU AN ATTORNEY, THE APPEAL COURT AFFIRMED THE DECISION (SEE AT_

(b) If you did not exhaust your state remedies on Ground One, explain why:   _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   3.850 POSTCONVICTION MOTION

Name and location of the court where the motion or petition was filed:   11TH JUDICIAL CIRCUIT

COURT FOR MIAMI-DADE, FLORIDA

Docket or case number (if you know):   F07-17556

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   3RD DCA

_____

Docket or case number (if you know): _____

Date of the court's decision:   AUGUST 2024

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:**    *INFORMATION FAILED TO CHARGE CRIME & GIVE ADEQUATE NOTICE*

*VIOLATION OF DUE PROCESS U.S.C.A*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*ON MAY 24TH, 2007 PETITIONER WAS CHARGED WITH 2ND DEGREE MURDER/DEADLY WEAPON FLA. STAT*

*782.04(2) & 775.087, ON JUNE 29TH, 2009 PETITIONER PLEAD NOLO CONTENDERE AS CHARGED*

*ON NOVEMBER 15TH, 2013 PETITIONER WAS SENTENCED TO THIRTY (30) YEARS AFTER*

*REVOCATION OF PROBATION. THE JUDGMENT OF CONVICTION & SENTENCE VIOLATED DUE*

*PROCESS WHERE IT FAIL TO ALLEGE THE SPECIFIC SECTION NOR SUBSECTION TO THE FIA,*

*STAT 775.087 WHICH PETITIONER IS CHARGED WITH VIOLATING. TRIAL COURT & APPELLATE*

*FAIL TO RULE ON THIS CLAIM STATED THAT SUCH ISSUE SHOULD HAVE BEEN RAISED ON*

*PREVIOUS MOTIONS WHEN IT IS CLEAR ON THE RECORD THERE WAS INSUFFICIENT (SEE ATT)*

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    *MOTION FOR POSTCONVICTION 3.850(m)*

Name and location of the court where the motion or petition was filed:    *11TH JUDICIAL CIRCUIT COURT*

*IN & FOR MIAMI-DADE COUNTY, FLORIDA*

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  3<u>RD</u>  DcA _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):  P. C. A _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

   (2) If you did not raise this issue in your direct appeal, explain why: _____

   _____

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☐  Yes    ☐  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

   (3) Did you receive a hearing on your motion or petition?                ☐  Yes    ☐  No

   (4) Did you appeal from the denial of your motion or petition?            ☐  Yes    ☐  No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐  Yes    ☐  No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

   _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏  Yes    ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ❏  Yes    ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____
_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____
_____
_____
_____
_____

GROUND I ATTACHMENT

PETITIONER WAS ENTITLED TO RELIEF WHERE NEW EVIDENCE COULD PROVE ACTUAL INNOCENCE THAT NO JUROR ACTING REASONABLY WOULD HAVE FOUND HIM GUILTY BEYOND A REASONABLE DOUBT.

GROUND II ATTACHMENT

INFORMATION PROVIDED TO APPRISE HIM OF THE NATURE OF THE CHARGED OFFENSE SUCH DUE PROCESS ISSUE CAN BE RAISED AT ANY TIME & PETITIONER WAS ENTITLED TO RELIEF. FOR THE INFORMATION TO TOTALLY OMIT THE SECTION OF THE STATUTE VIOLATED IT WAS PREJUDICIALLY VAGUE WHERE PETITIONER WAS UNABLE TO MOUNT A PROPER DEFENSE. COUNSEL EVEN ADVISED THE TRIAL JUDGE THAT THE WEAPON WAS TO BE DELETED BEFORE PLEA WAS ENTERED, EVEN IF THE TRIAL JUDGE WAS TO DELETE THE FIREARM, THE STATE WOULD HAVE TO PROVIDE A WHOLE NEW INFORMATION W/O DEADLY WEAPON, SO FOR THE TRIAL JUDGE TO DISREGARD THAT INFORMATION WAS VAGUE, INCOMPLETE & FAILED TO CHARGED PROPERLY. THEREFORE THE JUDGMENT & SENTENCE VIOLATED DUE PROCESS OF U.S.C.A.

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☑ Yes        ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: _____

        _____

        _____

        _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        _____

        _____

        _____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☑ Yes        ☐ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.    U.S DISTRICT COURT FOR SOUTHERN DISTRICT

    OF FLORIDA _____

    _____

    _____

    _____

    _____

    _____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes        ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised. _____

    _____

    _____

    _____

    _____

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _____

    _____

    (b) At arraignment and plea: *MICHEAL GELETI & GARY COLE*

    _____

    (c) At trial: _____

    _____

    (d) At sentencing: *MICHEAL GELETI ; JOHN GORDON*

    _____

    (e) On appeal: _____

    _____

    (f) In any post-conviction proceeding: *DANIEL TIBBITT ; PRO SE*

    _____

    (g) On appeal from any ruling against you in a post-conviction proceeding: *DANIEL TIBBITT ;*

    *PRO SE*

    _____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes   ☑ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    _____

    _____

    (b) Give the date the other sentence was : _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes   ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

    _____

    _____

    _____

    _____

    _____

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  _EMERGENCY RELEASE OR ANY_

_OTHER RELIEF THAT DEEM APPROPRIATE_

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on  _8·18·2025_  (month, date, year).

Executed (signed) on  _8·18·25_  (date).

_____

Signature of Petitioner
_UNDER DURESS_

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

BELIZAIRE M # M68880
F. S. P
P.U BOX 800
RAIFORD, FL 32083

LEGAL MAIL ONLY

Legal Mail
Provided to Florida State Prison on
8/15/21 for mailing by